UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER K. THACH,<br><br>    Plaintiff,<br><br> v.<br><br>UNITED STATES POSTAL SERVICE; LIZ TEMEN; BRENT JONES; AURORA ULLA GONZÁLEZ; DOES 1 TO 50,<br><br>    Defendants. | No. SACV 14-1054 UA (FFM)<br><br>ORDER TO SHOW CAUSE WHY REQUEST TO *PROCEED IN FORMA PAUPERIS* SHOULD NOT BE DENIED FOR FAILURE TO STATE A CLAIM |

  On July 9, 2014, plaintiff submitted a civil rights complaint along with a request to proceed *in forma pauperis*. In sum, plaintiff alleges that he was injured while working; he filed a grievance; and then he was "placed on modified activities." Nonetheless, defendants ignored plaintiff's restrictions and plaintiff reinjured his back. Plaintiff filed additional grievances. Eventually, plaintiff's employment was terminated because no job was available given plaintiff's work restrictions.

  Plaintiff contends that, based on the foregoing, he has claims against each of the defendants under 42 U.S.C. § 1983 for wrongful termination and discrimination because of his injured condition.

/ / /

/ / /

/ / /

A. <u>The Court Lacks Subject Matter Jurisdiction over Plaintiff's Constitutional Tort Claims Against the United States and its Agencies</u>.

Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983. The requirements for relief under 42 U.S.C. § 1983 ("Section 1983") are: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by the conduct of a "person" (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Here, however, plaintiff is not suing any state employee or agency. Rather, plaintiff seeks relief from the United States Postal Service and federal government employees in their official capacities. Therefore, plaintiff has no claim pursuant to section 1983.

The United States, its agencies, and its employees in their official capacities are absolutely immune from suit on constitutional claims for damages. *See, e.g., Pereira v. U.S. Postal Service*, 964 F.2d 873, 876-77 (9th Cir. 1992); *Daly-Murphy v. Winston,* 837 F.2d 348, 355-56 (9th Cir. 1987); *see also FDIC v. Meyer*, 510 U.S. 471, 486-87, 114 S. Ct. 966, 127 L. Ed. 2d 308 (1994). *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), which allows suits against federal government employees in their individual capacities for constitutional violations, does not permit suits against the federal government or its agencies for monetary relief. *Cato v. United States*, 70 F.3d 1103, 1110-11 (9th Cir. 1995). Because plaintiff has sued an agency of the United States and federal government employees in their official capacities for money damages, plaintiff has failed to state any claim upon which relief could be granted.

B. <u>To the Extent any of Plaintiff's Claims Could Be Construed as a Common Law Tort Claim Against the United States or its Employees in their Official Capacities, Plaintiff Does Not State a Claim</u>.

The Federal Tort Claims Act ("FTCA") is the exclusive remedy for a common law tort action based on alleged acts of federal employees operating within the course and scope of their office and employment. *See* 28 U.S.C. § 2679(b)(1). When federal

employees are sued for damages for harms caused in the course of their employment, the FTCA generally authorizes substitution of the United States as the defendant. Except with respect to *Bivens* claims against individuals for constitutional violations, the remedy against the United States is generally exclusive of any other civil action or proceeding. Thus, to the extent plaintiff seeks any damages against the United States for any common law torts, plaintiff's only remedy is against the United States pursuant to the FTCA.

However, plaintiff has not alleged that he ever filed an administrative tort claim with any federal agency regarding any of his claims.

C. <u>Plaintiff Will Be Given another Opportunity to Try to State a Claim</u>.

Rather than simply denying the application to proceed *in forma pauperis* for failure to state a claim, the Court will provide plaintiff with an opportunity to submit an amended complaint that alleges facts establishing a claim against the individual defendants in their individual capacities or an FTCA claim against the United States. Plaintiff may submit such amended complaint within 30 days of the date of this order. If plaintiff fails to submit an amended complaint that states a claim within 30 days, the Court will deny plaintiff's request to proceed *in forma pauperis*.

IT IS SO ORDERED.

DATED: July 18, 2014

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

3